IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES L. JONES | )  |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO: 2:17-cv-708 |
| | ) |
| COVINGTON CREDIT OF ALABAMA, INC. | ) TRAIL BY JURY REQUESTED |
| | ) |
| Defendant. | ) |

## PLAINTIFF CHARLES L. JONES' VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, Charles L. Jones (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant Covington Credit of Alabama, Inc. (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. (hereafter the "TCPA"). The Defendant, through the use of an automated dialing machine, continually contacted Plaintiff on his cellular telephone after Plaintiff informed Defendant to cease this form of harassing communication. Defendant's continual attempts to contact Plaintiff via this method were so frequent as to be unreasonable and constitute harassment within the meaning of the Collection Agency Act, and constituted such a nuisance as to be clearly within the ambit of the TCPA's protections.

### PARTIES

1. Plaintiff Charles L. Jones is an individual over the age of 18 residing at 420 Commercial Avenue Mobile, Alabama 36610.

2.      Defendant Covington Credit of Alabama, Inc, is and at all times herein referenced was an Alabama Corporation. Defendant's headquarters and principal place of business is 543 N EASTERN BLVD, Montgomery, AL 36117. Defendant's place of incorporation is Montgomery, AL and Defendant is registered to transact business within the State of Alabama, transacts substantial business in Alabama, and is available for service of process via a Registered Agent, to wit: CT CORPORATION SYSTEM, 2 NORTH JACKSON ST., SUITE 605, MONTGOMERY, ALABAMA.

## JURISDICTION AND VENUE

1.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and 28 U.S.C. § 1367 Supplemental Jurisdiction.

2.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the defendant, an Alabama corporation, has its headquarters and principal place of business within the district.

## FACTUAL ALLEGATIONS

4.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in Alabama, by the Defendant's placing of unlawful telephone calls to Plaintiff's cellular telephone.

5.      Defendant, at all material times, was attempting to collect a consumer debt relating to a loan Defendant made to Plaintiff.

6. On or about October 2016, Plaintiff received a phone call from Defendant, Covington Credit of Alabama, Inc. to collect an allegedly outstanding consumer debt.

7. During the telephone call, Plaintiff informed Defendant to stop calling his cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication.

8. Plaintiff's oral communication of his demand not to be contacted by Defendant constitutes a reasonable method of revoking consent within the meaning of the FCC's Declaratory Ruling and Order dated July 10, 2015 ("TCPA Ruling").

9. Defendant nevertheless continued to contact Plaintiff on his cell phone, through live calls, voicemails, robocalls, and text messages, on innumerable occasions.

10. Plaintiff consistently re-expressed his demand not to be contacted by Defendant on numerous other occasions.

11. After Plaintiff's initial revocation of consent, Plaintiff has received in excess of 50 telephone calls and text messages from Covington Credit of Alabama, Inc. in an attempt to collect this debt.

12. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

13. Plaintiff is the regular user and carrier of the cellular telephone number ending in 2223 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

14. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day from October 17, 2016 through the filing of this complaint.

16. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone.

17. The following phone number used by defendant to contact Plaintiff including, but not limited to, (251) 679-0791.

18. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

19. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

20. Defendant placed calls to Plaintiff's cellular telephone that included delays in time, during which a pre-recorded message played, before the telephone call was transferred to a representative to speak.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I

## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

24. Plaintiff incorporates all allegations in paragraphs 1-23 above as if stated fully herein.

25. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

26. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

27. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

**WHEREFORE,** Plaintiff Charles L. Jones demands judgment against Defendant, Covington Credit of Alabama, Inc., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after October 17, 2016;

b. any other relief the Court deems just and proper.

## COUNT II

**WILLFULL OR KNOWING VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**

28. Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully herein.

29. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

30. As part of Defendant's business, it regularly contacts debtors in an attempt to collect debts.

31. Due to the nature of Defendant business described above, defendant is well aware of the proscription of the TCPA and all FCC Regulations, Declarations, and other guidance.

32. It is therefore incumbent upon the Defendant to comply with the TCPA, FCC Regulations, and other guidance.

33. The decision to ignore the proscriptions of the TCPA, FCC Regulations, and other guidance, or fail to institute procedures designed to prevent violations of the TCPA, FCC Regulations, and other guidance, is a willful violation of the TCPA.

**WHEREFORE,** Plaintiff, Charles L. Jones, demands judgment against Defendant, Covington Credit of Alabama, Inc. for the following relief:

a. In addition to the relief requested in Count I, treble damages pursuant to 47 U.S.C. § 227(b)(3) (flush language) of the amount determined in Count I in the amount of $500.00 for each of the independent violations occurring after October 17, 2016;

b. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

_____
RHON E. JONES (JON093)
**ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Facsimile)
rhon.jones@beasleyallen.com